IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

OWNERS INSURANCE COMPANY,

    Plaintiff,

v.

DR. ROBERT BROWN, CMB PARTNERS LLC, and ELAINE MORGAN,

    Defendants.

CIVIL ACTION NO.: 4:19-cv-219

# O R D E R

Plaintiff Owners Insurance Company ("Owners") initiated this declaratory judgment action to clarify its obligations under an insurance policy held by Defendants Dr. Robert Brown ("Brown") and CMB Partners, LLC ("CMB") in relation to a separate legal proceeding.[1] (Doc. 1.) Within their Answer to Owners' Complaint, Defendants asserted counterclaims against Owners for anticipatory breach of contract (Count I) and declaratory relief (Count II). (Doc. 13, pp. 7–11.) Presently before the Court is Owners' Motion to Dismiss Count I, (doc. 15), and brief in support thereof, (doc. 15-1).[2] For the reasons explained more fully below, the Court **GRANTS** Owners' Motion to Dismiss, (doc. 15).

---

[1] Plaintiff also asserts its claim against Defendant Elaine Morgan. (Doc. 1.) However, Defendant Morgan is not joining in the at-issue counterclaim against Owners. (Doc. 13, p. 7.) Thus, for the sake of clarity, the Court will collectively refer to Brown and CMB as "Defendants" throughout this Order.

[2] Owners' Motion does not seek to dismiss Count II. (Doc. 15; see doc. 15-1.)

## BACKGROUND

Brown is a Georgia citizen who has a medical practice in a building owned by CMB, a Georgia company. (Doc. 1-2, p. 2; doc. 13, p. 7.) In 2018, one of Brown's patients allegedly injured herself while exiting CMB's building and subsequently sued Defendants in the State Court of Chatham County for the injuries she sustained from the incident (at times, the "Underlying Lawsuit"). (Doc. 13, p. 8; doc. 1-2.) Defendants were allegedly insured under two policies issued by Owners. (Doc. 13, pp. 7–8.) According to Defendants, the terms of the policies provide that Owners had a duty to defend and indemnify them in the Underlying Lawsuit. (Id. at pp. 8–9.) Owners provided a defense; however, it sent two letters to CMB and Brown explaining that it was defending them under a reservation of rights to contest coverage. (Doc. 1-4, p. 1; doc. 1-6, p. 1.) Owners also disclaimed its obligation to indemnify Defendants. (Doc. 13, p. 9.) After sending the letters, Owners initiated this action to determine the parties' respective rights and duties under the policies. (Id.; see generally doc 1.)

Defendants then filed an Answer and asserted the at-issue counterclaim for anticipatory breach of contract against Owners.[3] (Doc. 13, pp. 9–10.) As part of this claim, Defendants seek "attorney's fees and litigation expenses pursuant to O.C.G.A. § 13-6-11" because of "Owner's bad faith and stubborn litigiousness." (Id. at p. 10.) Owners subsequently filed their Motion to Dismiss, (doc. 15), to which Defendants filed a Response, (doc. 17).

---

[3] It is not clear whether Defendants also intended to assert a separate and distinct breach of contract claim in addition to their anticipatory breach of contract claim. However, even if Defendants' counterclaim could be read to also assert a breach of contract claim, the claim would fail. Here, Defendants allege that Owners had a duty to indemnify them, (doc. 13, p. 9), but fail to assert that they suffered an adverse judgment in the Underlying Lawsuit. Without an actual adverse judgment to indemnify, Defendants cannot show that Owners violated a provision of the contract. See Brooks v. Branch Banking & Tr. Co., 107 F.Supp.3d 1290, 1296 (N.D. Ga. 2015) ("[A] plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss.") (internal citations and quotations omitted). Thus, the Court **DISMISSES** Defendants' counterclaim to the extent it asserts a breach of contract claim.

2

## LEGAL STANDARD

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." Geter v. Galardi S. Enter., Inc., 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014) (internal quotations omitted); see also W. Sur. Co. v. Steuerwald, 760 F. App'x 810, 813 (11th Cir. 2019) (per curiam) (citing Rule 12(b)(6) standards in review of counterclaim). A court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009) (citing Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262 (11th Cir. 2004)). A complaint must state a facially plausible claim for relief, and "'[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678 (internal quotations omitted).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. (internal citation omitted). In addition, when a dispositive issue of law allows for no construction of the complaint's allegation to support the cause of action, dismissal is appropriate. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Owners attached several documents to its Complaint. (See docs. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6.) These documents include copies of the complaint from the Underlying Lawsuit, (doc.1-2), the insurance policies, (docs. 1-3, 1-5), and Owners' reservation of rights letters, (docs. 1-4, 1-6.) In their counterclaim, Defendants reference these documents in making their allegations against Owners. (See doc. 13, pp. 7–11.) The United States Court of Appeals for the Eleventh Circuit has "held that the court may consider a[n attached document] without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted). "'Undisputed' in this context means that the authenticity of the document is not challenged." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). In addition a "document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document provided it meets the centrality requirement." Day, 400 F.3d at 1276. Here, the insurance policies, the reservation of rights letters, and the complaint from the underlying litigation are all central to Defendants' counterclaim. In addition, no party challenges the authenticity of these documents. Thus, the Court will consider these documents alongside the allegations in the counterclaim.

**DISCUSSION**

As noted above, Owners only moves for dismissal as to Defendants' counterclaim for anticipatory breach of contract. (Doc. 15; doc. 13, pp. 9–10.) In this diversity action, the Court must apply the choice-of-law rules of its forum state of Georgia to determine which state's substantive laws apply. Boardman Petroleum, Inc. v. Federated Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir. 1998). Here, Defendants' counterclaim resounds in contract. For "contract cases,

4

[Georgia] follows the traditional doctrine of *lex loci contractus:* contracts are 'governed as to their nature, validity and interpretation by the law of the place where they were made' unless the contract is to be performed in a state other than that in which it was made." Id. (quoting Gen. Tel. Co. of Se. v. Trimm, 311 S.E.2d 460, 461 (Ga. 1984)).  As is relevant here, Georgia law considers "'an insurance contract [to be] made where it is delivered.'" Travelers Prop. Cas. Co. of Am. v. Moore, 763 F.3d 1265, 1271 (11th Cir. 2014) (quoting Boardman Petroleum, 135 F.3d at 752). Here, both insurance policies contain cover letters addressed to Defendants at their Georgia addresses, and there is no indication that Defendants received the policies at any other location. (Doc. 1-3, p. 1; doc. 1-5, p. 1.)  Thus, Georgia law applies to Defendants' anticipatory breach of contract claim.[4]

Under Georgia law, an anticipatory breach of contract—otherwise known as an anticipatory repudiation—occurs when a party to a contract "repudiates his contractual obligation to perform prior to the time such performance is required under the terms of the contract." Coffee Butler Serv., Inc. v. Sacha, 366 S.E.2d 672, 673 (Ga. 1988) (citation omitted).  "The repudiation must apply to the entire contract and must include an unqualified refusal to fulfill any future obligations under the contract." Legacy Acad., Inc. v. Doles-Smith Enter., Inc., 812 S.E.2d 72, 77 (Ga. Ct. App. 2018); see also Chaudhuri v. Fannin Reg'l Hosp., 730 S.E.2d 425, 429 (Ga. Ct. App. 2012) ("The breach which will form the basis for an anticipatory breach of contract action is an *unqualified* repudiation of the entire contract prior to the time for performance.") (emphasis in original) (citation omitted).

---

[4] Moreover, because the parties have argued Georgia law and have not offered the substantive law of any other state, Georgia law applies. See Int'l Ins. Co. v. Johns, 874 F.2d 1447, 1458 n.19 (11th Cir. 1989) ("[B]ecause the parties failed to consider the choice of law in this diversity case, we must presume that the substantive law of the forum [] controls.") (citation omitted).

Here, Defendants have failed to make this showing. Defendants concede that Owners provided them with a defense, albeit "a qualified defense . . . under a reservation of rights." (Doc. 13, p. 9.) However, the provision of a qualified defense is, nonetheless, the provision of a defense; thus, Owners could not have repudiated "the entire contract prior to the time for performance" because it did, in fact, pay for the defense as it was allegedly obligated to do. Oconee Fed. Savs. & Loan Ass'n v. Brown, 831 S.E.2d 222, 230 (Ga. Ct. App. 2019) (citation omitted). Owners merely exercised its ability as an insurance company to "defend [a claim] under a reservation of rights," an option provided by Georgia law that "allow[s] an insurer to provide a defense to its insured while still preserving the option of litigating and ultimately denying coverage." Hoover v. Maxum Indem. Co., 730 S.E.2d 413, 416 (Ga. 2012). The Court is not aware of any Georgia case law holding that an insurer providing a defense under a reservation of rights constitutes an anticipatory repudiation. To hold so now would vitiate a method for allowing insurers to determine their contractual obligations which has previously been praised by Georgia Courts. See, e.g., Richmond v. Ga. Farm Bureau Mut. Ins. Co., 231 S.E.2d 245, 248 (Ga Ct. App. 1976) (an insurer defending under a reservation of rights is a "more desirable alternative" than the other options insurers face when deciding whether to defend a claim).

Defendants also assert that Owners "declaratory action against" them which seeks "judicial affirmation of Owners' denial of coverage for indemnity" constitutes an anticipatory breach of contract. (Doc. 13, pp. 9–10.) However, they cite no authority to support this assertion. Indeed, the Court's review of the relevant case law shows the opposite. See, e.g., Stephens v. Tr. for Pub. Land, 479 F. Supp. 2d 1341, 1355 (N.D. Ga. 2007) (decision to seek a declaratory judgment to determine parties' rights under contracts "is strong evidence that Plaintiff did not repudiate the agreement"). Defendants do not allege that any provision in the insurance contract prevents

6

Owners from reserving their rights to contest coverage or seeking a declaratory judgment to clarify their contractual duties. See Brazell Holdings, LLC v. USI Ins. Servs. Nat'l, Inc., 378 F. Supp. 3d 1253, 1265 (S.D. Ga. 2019) ("[A] plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss.") (citation omitted). Thus, ultimately, Defendants have failed to adequately allege that Owners committed "an unqualified repudiation of the entire contract prior to the time for performance." Cont'l Cas. Co. v. Stephenson, 145 S.E.2d 825, 826 (Ga. Ct. App. 1965).

Finally, to the extent Defendants seek attorneys' fees and litigation expenses under O.C.G.A. § 13-6-11 in tandem with their counterclaim, their prayer for relief fails as a matter of law. (Doc. 13, p. 10.) Under Georgia law, "[t]he penalties contained in OCGA § 33-4-6 [(not O.C.G.A. § 13-6-11)] are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds." Howell v. S. Heritage Ins. Co., 448 S.E.2d 275, 276 (Ga. Ct. App. 1994); see also Adams v. Unum Life Ins. Co. of Am., 508 F. Supp. 2d 1302, 1319 (N.D. Ga. 2007) ("Georgia case law, however, clearly establishes that O.C.G.A. § 33-4-6 is the exclusive remedy for an insurer's bad faith refusal to pay insurance proceeds, and that claims for attorney's fees and litigation expenses under other Georgia statutes are not authorized."). Since Defendants do not allege damages under O.C.G.A. § 33-4-6, they would be unable to seek attorneys' fees even if they stated a cognizable anticipatory breach of contract claim.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Owner Insurance Company's Motion to Dismiss, (doc. 15), and the Court **DISMISSES** Defendants' counterclaim for anticipatory breach of contract, or Count I, (doc. 13).

**SO ORDERED**, this 1st day of May, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA